

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. S. Foreman
County Auditor
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. O-5379
Re: May the tax assessor-collect-
or, under Senate Bill No. 211,
Acts of the 48th Legislature,
Regular Session, 1943, amend-
ing the Certificate of Title
Act, pay an assistant employed
in the Certificate of Title
Division more than $2300.00
per annum allowed a regular
deputy in Jefferson County,
Texas?

Your letter of June 7, 1943, requesting the opin-
ion of this department on the questions stated therein, reads
as follows:

"May the Tax Assessor-Collector, under Senate
Bill No. 211, amending the Certificate of Title Act,
pay an assistant employed in the Certificate of
Title Department more than the $2,300.00 per annum
allowed a regular deputy in Jefferson County, Texas?

"In other words, may a deputy receiving the
maximum salary from the County, under existing stat-
utes, receive additional pay under the provisions
of the Certificate of Title Act?

"Senate Bill No. 211 provides in part as fol-
lows:

"'****** Such designated agent shall pay such
employed assistants and such necessary expenses in-
curred by him from the funds retained by him here-
under, and any amount of such funds remaining in

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable E. S. Foreman, page 2

his hands in any event shall be by him remitted to the Road and Bridge Fund of his county.'

"The case of The State of Texas vs. Glass, 167 S. W. (2d) 296, seems to indicate that the Certificate of Title Division is an integral part of the Tax Assessor-Collector's office and that such department is simply an added duty of the Tax Assessor-Collector. This language seems to mean that an employee or assistant in such department will be in the same category as any other regular deputy tax assessor-collector."

Section 57, Article 1436-1, Vernon's Annotated Penal Code, provides:

"Each applicant for a certificate of title or reissuance thereof shall pay to the designated agent the sum of Fifty (50) Cents, of which Twenty-five (25) Cents shall be retained by the designated agent from which he shall be entitled to sufficient money to pay expenses necessary to efficiently perform the duties set forth herein, and the remaining Twenty-five (25) Cents shall be forwarded to the Department for deposit to the State Highway Fund, together with the application for certificate of title within twenty-four (24) hours after same has been received by said designated agent, from which fees the Department shall be entitled to and shall use sufficient money to pay all expenses necessary to efficiently administer and perform the duties set forth herein, and there is hereby appropriated to the Department all of such fees for salaries, traveling expense, stationery, postage, contingent expense, and all other expenses necessary to administer this Act through the biennium ending August 31, 1943."

Senate Bill No. 211, Acts of the 48th Legislature, Regular Session, 1943, amending Section 57 of Article 1436-1, supra, reads as follows:

"Section 1. That Section 57 of the Certificate of Title Act, as amended by the Acts of the 47th Legislature, Regular Session, Chapter 187,

Honorable E. S. Foreman, page 3

Section 6, be amended so as hereafter to read as follows:

"'Section 57. Each applicant for a certificate of title or re-issuance thereof shall pay to the designated agent the sum of Fifty ( 50) Cents, of which Twenty-five (25) Cents shall be retained by the designated agent, from which he shall be entitled to sufficient money to pay expenses necessary to efficiently perform the duties set forth herein; and the remaining Twenty-five (25) Cents shall be forwarded to the Department for deposit to the State Highway Fund, together with the application for certificate of title, within twenty-four (24) hours after same has been received by said designated agent, from which fees the Department shall be entitled to and shall use sufficient money to pay all expenses necessary to efficiently a dminister and perform the duties set forth herein; and there is hereby appropriated to the Department all of such fees for salaries, traveling expense, stationery, postage, contingent expense, and all other expenses necessary to administer this Act through the biennium ending August 31, 1945. Provided, any such designated agent may employ any and all necessary assistants and incur any and all necessary expense in administering this Act in his county. Such designated agent shall pay such employed assistants and such necessary expenses incurred by him from the funds retained by him hereunder, and any amount of such funds remaining in his hands in any event shall be by him remitted to the Road and Bridge Fund of his county.'

"Sec. 2. The fact that there exists uncertainty as to the meaning of the present law, resulting in confusion in the administration thereof, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

Honorble R. S. Foreman, page 4


Jefferson County has a population of 145,329 inhabitants according to the 1940 Federal census.

Article 3902, Vernon's Annotated Civil Statutes, provides in part:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:

". . .."

"5. In counties having a population of one hundred thousand and one (100,001) and not more than one hundred and fifty thousand (150,000) inhabitants, first assistant or chief deputy not to exceed Twenty-six Hundred ($2600.00) Dollars per annum;

Honorable E. S. Foreman, page 5


      heads of departments may be allowed by the Com-
missioners' Court, when in their judgment such al-
lowance is justified, the sum of Two Hundred
($200.00) Dollars per annum in addition to the
amount herein allowed, when such heads of depart-
ments sought to be appointed shall have previous-
ly served the county or political subdivision
thereof for not less than two continuous years;
other assistants, deputies or clerks not to exceed
Twenty-three Hundred ($2300.00) Dollars per annum
each."

      Section 26 of Article 1436-1, supra, defines desig-
nated agents as follows:

      "The term designated agent means each county
tax collector in this State who may perform his
duties under this Act through any regular deputy."

      In view of the foregoing statutes and the case of
State, et al. v. Glass, et al., 167 S. W. (2d) 296, it is our
opinion that any assistant or deputy of the tax assessor-col-
lector whether performing in whole or in part the duties im-
posed by Article 1436-1, supra, has the same status as any
other regular deputy tax assessor-collector or assistant.  It
is our further opinion that all deputies or assistants of the
tax assessor-collector except the first assistant or chief
deputy who are heads of departments cannot receive a salary
of more than $2300.00 per annum each.

                      Yours very truly

                ATTORNEY GENERAL OF TEXAS

                By    *Ardell Williams*

                    Ardell Williams
                    Assistant

AW:db          APPROVED JUN 21, 1943

         *Gerald C. Mann*

         ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN